**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**THE SMOKE SHOP, LLC**

    Petitioner,

  **-vs-**

                                                       **Case No. 12-C-1186**

**UNITED STATES OF AMERICA and
UNITED STATES DRUG ENFORCEMENT
ADMINISTRATION,**

    Respondents.

---

# DECISION AND ORDER

---

Just over a year ago, the United States Drug Enforcement Administration seized incense products worth more than $100,000.00 from The Smoke Shop in Delavan, Wisconsin. The products that were seized are smokable synthetic cannabanoids containing substances known as UR-144 and XLR-11. The owner of The Smoke Shop, David S. Yarmo, initially consented to the seizure, but later brought the instant action, a petition for the return of property under Federal Rule of Criminal Procedure 41(g). The government asserted that UR-144 and XLR-11 were subject to the Controlled Substances Analogue Act, and the parties litigated that issue. However, on May 16, 2013, the DEA temporarily scheduled UR-144 and XLR-11, rendering the "analogue" issue academic. The Smoke Shop anticipated this development and signaled its intent to pursue a claim for unlawful conversion. Therefore, instead of dismissing this action outright, the Court held it open so The Smoke Shop could file an amended complaint, which the government now moves to dismiss for failure to state a claim.

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court takes all of the plaintiff's allegations as true and draws all reasonable inferences in plaintiff's favor. *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

The Smoke Shop seeks damages pursuant to the Federal Tort Claims Act, which waives sovereign immunity for claims against the federal government arising from torts committed by federal employees. 28 U.S.C. § 1346(b)(1). This waiver is subject to numerous exceptions, including the "detained goods" exception. § 2680(c) (the provisions of § 1346(b) "shall not apply" to any claim "arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer . . ."). In 2000, Congress enacted the Civil Asset Forfeiture Reform Act ("CAFRA"), which created an exception to the detained goods exception ― in other words, a "re-waiver" of the government's sovereign immunity. CAFRA's re-waiver provisions apply to "any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any law enforcement officer" if the following requirements are met:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property

>was subject to forfeiture); and

>(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

§ 2680(c)(1)-(4). "This 're-waiver' of sovereign immunity for a narrow category of forfeiture-related damages claims was a safeguard created by CAFRA in response to the overly enthusiastic pursuit of civil and criminal forfeiture." *Diaz v. United States*, 517 F.3d 608, 613 (2d Cir. 2008).

The Ninth Circuit has held that CAFRA's re-waiver provisions apply "only to property seized *solely* for the purpose of forfeiture. Consequently, the fact that the government may have had the possibility of forfeiture in mind when it seized Plaintiff's property does not detract from the application of the detention of goods exception when criminal investigation was a legitimate purpose of the initial seizure." *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008) (emphasis added). The Seventh Circuit has not adopted the "sole purpose" test, although it did endorse *Foster*'s reasoning in a non-precedential disposition. *Pearson v. United States*, 373 Fed. App'x 622, 624 (7th Cir. 2010). But even under a broader reading, the statutory language obviously requires that forfeiture be *one* of the purposes for the seizure, if not the only purpose. § 2680(c)(1) ("the property was seized *for the purpose of forfeiture* under any provision of Federal law providing for the forfeiture of property . . ."). The government never commenced forfeiture proceedings, so it seems implausible to suggest that The Smoke Shop's property was seized for purposes of forfeiture.

Case 2:12-cv-01186-RTR   Filed 11/04/13   Page 3 of 5   Document 37

Of course, the problem with this reasoning, as the Ninth Circuit observed, is that when the government "seizes property for law enforcement purposes, in practice, forfeiture often follows eventually. Thus, in every criminal seizure the government necessarily must anticipate at least the possibility of a future forfeiture, a dual motivation that would be nearly impossible to disprove in any particular case." *Foster* at 1079. Here, the government seized the subject property for purposes of a criminal investigation, but it could also be said that the possibility of an eventual forfeiture was an additional motivation for the seizure. The Court agrees with the Ninth Circuit that a dual motivation should not be enough to invoke CAFRA's re-waiver provisions, else the detention of goods exception be "eviscerate[d]," *Foster* at 1079, and it seems apparent that the Seventh Circuit would agree with that reasoning. Therefore, the Court must conclude that The Smoke Shop cannot state a claim for unlawful conversion under the FTCA.

In the alternative, the government argues that The Smoke Shop failed to exhaust administrative remedies under the FTCA. An FTCA claim must be presented to the appropriate federal agency within two years after the claim accrues. §§ 2401(b), 2675(a). A proper claim has four elements: (1) notification of the incident; (2) a demand for a sum certain; (3) the title or capacity of the person signing; and (4) evidence of this person's authority to represent the claimant. *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) (citing 28 C.F.R. § 14.2(a)). The Smoke Shop argues that its petition for the return of property under Fed. R. Crim. P. 41(g) qualifies as a "claim," but a "request for the return of property the government has seized is not tantamount to presenting a proper

- 4 -

FTCA administrative claim." *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002) (citing *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972)).

Finally, the Court notes that even if The Smoke Shop could state an FTCA claim, federal agencies cannot be sued under the FTCA, so the DEA is not a proper defendant in this action. § 2679(a); *Paret-Ruiz v. United States*, 847 F. Supp. 2d 289, 292-93 (D.P.R. 2012).

The government's motions to dismiss [ECF Nos. 26 and 33] are **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2013.

        **BY THE COURT:**

        */s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**